OPINION
{¶ 1} On September 21, 2001, the Fairfield County Grand Jury indicted appellant, Everett Calvert, on three counts of forgery in violation of R.C. 2913.31. Said charges arose from appellant's employment as a bookkeeper with Robert Alten, Inc.
 {¶ 2} On March 18, 2002, appellant pled guilty as charged. By judgment entry filed March 21, 2002, the trial court sentenced appellant to an aggregate term of six months in jail, and ordered him to pay restitution in the amount of $3,108.89 to Bank One and $8,548.07 to Robert Allen, Inc.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 {¶ 4} "THE TRIAL COURT ERRED, TO THE PREJUDICE OF THE DEFENDANT WHEN IT ORDERED RESTITUTION, IN AN AMOUNT NOT AGREED TO BY THE DEFENDANT, WITHOUT CONDUCTING AN EVIDENTIARY HEARING REGARDING THE AMOUNT OF RESTITUTION AT THE TIME OF SENTENCING OR AFTER SENTENCING."
 I {¶ 5} Appellant claims the trial court erred in ordering restitution without conducting an evidentiary hearing on the amount due as restitution. We agree.
 {¶ 6} R.C. 2929.18 permits a trial court to order restitution for a victim's economic loss. Pursuant to subsection (A)(1), said amount is to be determined "[a]t sentencing, the court shall determine the amount of restitution to be made by the offender."
 {¶ 7} Appellant pled guilty to the charges pursuant to a negotiated plea agreement. According to the prosecutor, the amount of restitution for the unauthorized withdrawals amounted to $3108.89. T. at 4. After the plea and prior to sentencing, Mr. Alten spoke and explained his economic loss was about $8,692. T. at 16. The trial court determined the restitution amount to be $8,692 plus the amount of the unauthorized withdrawals, $3,108.89. T. at 17-18. Defense counsel objected and requested a hearing to which the trial court assented. T. at 19-21.[1] The trial court addressed Mr. Alten and stated the following:
 {¶ 8} "Mr. Alten, what counsel have been discussing is the amount of the restitution. It was new to them at this point, the $8,692. And in order for the Probation Department to collect that, they need to have, of course, verification from you, statements, your records, that type of thing. If you want to make those up so they can verify them just to make sure that that amount is a fair amount under the circumstances. I'm not suggesting that they're not." T. at 22.
 {¶ 9} We find, given the fact that Mr. Alten's statement regarding the costs associated with the forgeries was new evidence and the trial court assented to a hearing, a hearing was required.
 {¶ 10} The sole assignment of error is granted.
 {¶ 11} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby reversed and remanded.
By Farmer, J., Hoffman, P.J. and Wise, J. concur.
topic: no hearing on restitution order.
[1] The judgment entry of sentencing was filed on March 21, 2002. The motion for hearing on restitution was filed on April 11, 2002, the same day the notice of appeal was filed. Clearly, the trial court did not have jurisdiction to afford appellant his promised hearing.